OPINION
Jovan Hancock appeals the trial court's finding that he was delinquent. The juvenile court found Hancock, a minor, responsible for receiving stolen property and fleeing and eluding a police officer, and sentenced him to six months for each count, to be served consecutively. Hancock timely filed his notice of appeal and a praecipe for the transcript on March 29, 2000. However, the record could not be transcribed due to a mechanical failure. Consequently, Hancock raises the following assignment of error on appeal:
 The failure of the trial court to provide appellant with any form of trial transcript effectively deprives him of his right of appeal, guaranteed him by the Ohio Constitution and is, therefore, reversible error.
In the absence of a transcript, App.R. 9 provides alternative methods to submit the record to the appellate court. First, App.R. 9(D) allows parties to prepare and sign an agreed statement of the case for approval by the trial court. However, in those instances where the parties cannot agree on a statement, App.R. 9(C) allows an appellant to "prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." This statement must be served on the opposing party at least twenty days prior to the date for transmission of the record, which is forty days from the notice of appeal. See App.R. 10(A). Appellant's statement is subject to voluntary objections and amendments by the opposing party. Once the statement and any suggested amendments are submitted, the trial court must settle and approve the final statement prior to the time for transmission of the record. App.R. 9(E) allows parties to submit any differences they have with the record to either the trial court or the court of appeals for resolution. Either court or the parties by stipulation may direct that the record be corrected or modified to reflect the truth.
In the present case, Hancock filed a notice of appeal and praecipe for transcript on March 29, 2000. Hancock was alerted by entry approximately two weeks later that no transcript was available due to a mechanical failure. On June 15, 2000, Hancock requested this court to stay the appeal while he filed a motion for new trial in the trial court, which we granted. Meanwhile, Hancock filed an App.R. 9(C) statement of evidence on June 28, 2000, nearly ninety days after his notice of appeal. The State did not file any objections or amendments to this statement. Thereafter, on October 20, 2000, the trial court denied Hancock's motion for new trial, and in doing so declared that the entry and order filed on March 1, 2000 was "a fair and accurate representation of the testimony presented."
Initially, we note that although Hancock attempted to comply with App.R. 9(C) to reconstruct the record, he filed the statement about seventy days too late. However, timeliness has not been raised, so we will address the sufficiency of the App.R. 9 procedure in this case. In this regard, we find that the "statement of the evidence" issued by the trial court was not sufficient to satisfy App.R. 9(C) or (E). The March 1, 2000 decision constituted a findings of fact and conclusions of law issued for the purpose of justifying the court's finding Hancock responsible for the crimes charged. Although it portrayed a general overview of the facts, it was not specific or detailed enough to allow us a thorough appreciation of the evidence. Furthermore, because of the purpose for which it was prepared, the order contained several conclusory statements, as opposed to a neutral, detailed narrative, which is necessary based on our duty under State v. Thompkins (1997),78 Ohio St.3d 380, 387 ("[w]hen a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony.").
While we recognize that a case may arise where it would not be possible for an appellant to raise a manifest weight assignment of error absent a transcript, we are not convinced that is the case here. It is evident that the App.R. 9 process did not proceed as intended in this case. Therefore, we remand for the trial court to attempt to reconstruct the record in accordance with App.R. 9(C) or (E). Accordingly, the trial court should order the parties to submit App.R. 9(C) statements of the evidence, and then settle the record to the best of its abilities. The statements issued by the parties and the settled record issued by the trial court should be as detailed as possible, keeping in mind our duty derived from the "thirteenth juror" language of Thompkins, supra. Specifically, the court must state exactly what the evidence was, listing each witness, and delineating testimony elicited on direct and cross. If due to the passage of time, the trial court, with the help of the parties, cannot reconstruct the record, a new trial may be ordered. See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 200 (a trial court should not order a new trial until App.R. 9 alternatives have been exhausted).
Judgment reversed and remanded.
FAIN, J., and GRADY, J., concur.